FOURNET, Chief Justice.
 

 The state prosecutes this appeal from the ruling of the district court quashing the indictment against the defendant, Dalton Smith, charging him with public bribery between the dates of January 1, 1967, and March 1, 1967, in the Parish of East Baton Rouge, “by offering to give the sum of
 
 *639
 
 TWENTY-FIVE THOUSAND AND NO/100 ($25,000) DOLLARS, cash to Aubrey Young, a public employee of the State of Louisiana, with the intent to influence his conduct in relation to his position as Aide to the Governor of the State of Louisiana, “on the ground that the statute on which it was based, R.S. 14:11s,
 
 [1]
 
 is unconstitutional.
 

 The trial judge rested his decision on the opinion of this court in State v. Robertson, 241 La. 249, 128 So.2d 646. This case is clearly not controlling. It involves “jury tampering” as defined and denounced in R.S. 14:129.
 
 [2]
 
 In holding this statute unconstitutional we concluded it was so broad and indefinite it failed to give fair notice of the acts employed to influence the juror sought to be denounced by an ascertainable standard of guilt,
 
 “any
 
 influencing,” as therein used being a bare provision that left the statute’s penal sanctions “to the discursive application of judges and juries.” (The emphasis has been supplied.)
 

 The issue presented for determination in the instant case does not concern the sufficiency of the indictment, but, instead, the constitutionality of the statute on which the indictment is based, it being the contention of defense counsel that the clause “with the intent to influence his conduct in relation to his position, employment or duty,” is “too broad, general and indefinite to meet with the constitutional tests of definiteness, and encompasses a scope of interpretation beyond the established notions of bribery,” thus violating the due process guarantees of Section 2 of Article I of the Constitution of Louisiana, and the Fifth Amendment to the Constitution of the United States.
 

 Counsel’s argument under this contention is that there is no word or language in R.S. 14:118 to modify “influence,” and the phrase “in relation to his position, employment, or duty” is “not limited to the requirement of being inherently intertwined with his official duties.” Stated otherwise: The
 
 *641
 
 clause would be constitutional if the statute included such words as those italicized in the following recast to reflect this contention: “with the intent to
 
 improperly or corruptly
 
 influence his conduct in relation to his
 
 official or legal
 
 position, employment or duty.”
 

 In support of this contention and argument a number of legal authorities
 
 [3]
 
 are cited which, counsel asserts, make it plain that (1) “only official action is encompassed in bribery; and (2) the influencing must be corrupt.” He also cites statutes from other jurisdictions
 
 [4]
 
 which he says reflect the language necessary to assure constitutionality, as well as Section 12 of Article XIX of the Louisiana constitution.
 
 [5]
 

 While the constitutional provision of this state may be more detailed in some respects, it is, nevertheless, not different from R.S. 14:118 in the respects complained of. This provision has no adjective or adverb such as “improperly” or “corruptly” to modify “induce or influence,” and the phrases “to appoint any person,” “to vote or exercise any power,” and “to perform any duty of him required,” are not preceded by “official” or “legal,” which counsel asserts would be necessary to render R.S. 14:118 constitutional.
 

 The same may be said of the other statutes cited as examples of constitutionally drawn bribery statutes,
 
 [6]
 
 for while the Iowa statute does reprobate the
 
 *643
 
 offering of the bribe “with intent to influence his act * * * or judgment on any matter,” the Texas statute denounces the influencing of “any * * * act in violation of his duty as an officer,” the federal statute denounces the influencing of “any official act,” and the New York statute defines bribery as the offering of a bribe to the end that an employee’s action “as a public servant will thereby be influenced,” none of these statutes have a modifying adjective or adverb in connection with the word “influence,” and we can see no significant difference between the influencing of “his act * * * or judgment on any matter,” “any * * * act in violation of his duty as an officer.” “any official act,” or an employee in his “official capacity,” and the phrasing of R.S. 14:118 which provides that “public bribery” is the payment or offer to pay something of value to influence the conduct of a designated public servant “in relation to his position, employment, or duty,” for this can mean nothing more than to influence him with respect to the duties of his particular office since the influencing of a public official with respect to his behavior or conduct outside the scope of the duties of his office, employment, or position would not be public bribery. As stated in American Jurisprudence, “the scope of the purpose of bribery is * * * as broad as the duties of the officer who accepts the bribe.” Volume 8, page 889, Section 8. See, also, 12 Am.Jur. (2d) 757, Section 13, and the annotation at 158 ALR 324.
 

 To hold otherwise is trite — a quibbling with words of obvious meaning, intent, and import, for bribery is a term of well understood meaning in the criminal
 
 *645
 
 law. As pointed out in this same authority, the gist of the offense is that it tends to corrupt since its purpose is to pervert justice in governmental departments. 8 Am. Jur. 887, Section 4. It is “the offering, giving, receiving, or soliciting of anything of value with intent to influence the recipient’s action as a public official.” 8 Am.Jur. 886, Section 2. In the more ancient English common law it was limited to offers identified with the administration of “public justice,” but it today embraces “the receiving or offering of any undue reward by or to any person whose ordinary profession or business
 
 relates to the administration of public affairs
 
 in order
 
 to influence his behavior in office
 
 and incline him to act contrary to the known rules of honesty and integrity,” whether in the executive, legislative, or judicial branches. 8 Am.Jur. 886, Section 2. See, State v. Bloomenstiel, 235 La. 860, 106 So.2d 288. (The emphasis has been supplied.)
 

 While the jurisprudence universally prevailing is to the effect that a criminal statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application does not meet the test of constitutionality,
 
 [7]
 
 it is an equally well recognized rule of statutory construction that “if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise. * * * And if this general class of offenses can be made constitutionally definite by a reasonable construction of the statute” the court is under a duty to give the statute that construction. United States v. Harriss, 347 U. S. 612, 74 S.Ct. 808, 98 L.Ed. 989.
 

 A mere reading of R.S. 14:118 reveals in clear and unmistakable language that the gravamen of the offense denounced — the act forbidden — is the giving or offering to give (as well as the acceptance or offer to accept) anything of present or prospective value to the specifically delineated public officer, employee, or official with the intent of influencing his conduct “in relation to his position, employment or duty” as such.
 

 The phrase “position, employment or duty” is sufficiently restricted and delimited by the other portions of R.S. 14:118 to preserve its constitutionality. The language of the statute makes it plain that it applies only to (1) persons who give or offer to give (receive or offer to receive) something of value, (2) to a public employee or official specifically designated, (3) for the purpose of influencing his conduct in
 
 *647
 
 the exercise of the duties of his “position, employment or duty,” — whether as a public officer, employee, juror, witness, or election official, each of these having duties under the law that are peculiar to their respective positions. Thus each of these elements has, within the four corners of the statute, an ascertainable criteria or standard on which a judgment or decision may be based, and these are spelled out in terms sufficiently clear to alert men of common intelligence to the act — the standard of conduct — forbidden.
 

 As pointed out above, the insertion of the word “official” before the phrase “position, employment or duty” would be redundant. The insertion of the words “corrupt” and/or “improper” before the word “influence would be also, for the statute itself conveys the impropriety of the act denounced in commonly understandable language, that is, that it is corrupt and improper — an offense — to give or offer to give a bribe to the specified officer or employee for the purpose of influencing his conduct with respect to the position he holds as is also the acceptance or offer to accept the bribe by the officer or employee.
 
 [8]
 
 As stated in Wharton’s Criminal Law and Procedure, “Bribery must be committed with a corrupt intent, that is” the
 
 intent is corrupt
 
 when it is to influence “official action to obtain a result which the party would not be entitled to as a matter of right.” Section 1381 of Anderson’s 1957 edition of this work.
 

 We therefore hold that R.S. 14:118 is constitutional, and accordingly, that the trial judge erroneously maintained the motion to quash the indictment.
 

 For the reasons assigned, the ruling of the district judge holding R.S. 14:118 unconstitutional and maintaining defendant’s motion to quash is reversed and it is now ordered, adjudged, and decreed that R.S. 14:118 is constitutional, the motion to quash is overruled, and the case is remanded to the trial court for further proceedings according to law:
 

 [1]
 

 . R.S. 14:118 provides: “Public bribery is tbe giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to bis position, employment, or duty: (1) Public officer or public employee; or (2) Election official at any general, primary, or special election; or (3) Grand or petit juror; or (4) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.
 

 “The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under suck circumstances, by any of tbe above named persons, shall also constitute public bribery.”
 

 The penalty is a fine of not more than $1,000, or imprisonment, with or without hard labor, for not more than 5 years, or both.
 

 [2]
 

 . The pertinent part of R.S. 14 :129 reads: “Jury tampering is any influencing of, or attempt to influence, any petit juror in respect to his verdict in any cause pending, or about to be brought before him, otherwise than in the regular course of proceedings upon the trial of such case.”
 

 [3]
 

 . Anderson’s 1957 edition of Wharton’s Criminal Law and Procedure, Section 1380; Clark & Marshall on Crimes, Section 14.02; Perkins, Criminal Law, pages 397 and 402.
 

 [4]
 

 . Iowa Code Ann., Section 739.1; McKinney’s Consol.Laws, c. 40, N.Y. Penal Law, Section 200.00 et seq.; Vernon’s Penal Code of Texas, Ann., Article 158; 18 U.S.C.A. Section 201(b).
 

 [5]
 

 . Section 12 of Article XIX provides that “Any person who shall, directly or indirectly, offer or give any sum, or sums, of money, bribe, present, reward, promise, or any other thing to any officer, State, parochial, or municipal, or to any member or officer of the Legislature,
 
 with the intent to induce or influence such officer,
 
 or member of the Legislature,
 
 to
 
 appoint any person to office, to vote or
 
 exercise any power in him vested, or to perform any duty of him required,
 
 and the officer, or member of the Legislature, so receiving or offering to receive any money, bx-ibe, present, reward, promise, contract, obligation, or security, with the intent aforesaid, shall be guilty of bribery, and on conviction thereof by any court of competent jurisdiction, or by either House of the Legislature of which he may be a member or officer, shall be fox-ever disqualified from holding any office, State, parochial, or municipal and shall be forever ineligible to a seat in the Legislature; provided that this shall not be so construed as to prevent the Legislature from enacting additional penalties.” (The emphasis has been supplied.)
 

 [6]
 

 .Section 739.1 of the Iowa Code roads:
 

 “If any person give, offer, or promise to any executive or judicial officer ox-member of the general assembly * * * any valuable consideration, gratuity, service, or benefit whatever,
 
 toith intent to influence his act,
 
 vote, opinion,
 
 or judgment in any matter
 
 * * * he shall be imprisoned” in the penitentiax-y not more than 5 years, or be fined not more than 81,000 and imprisoned in the county jail not more than 1 year. (The emphasis has been supplied.)
 

 Section 200.00 of the New York Penal Law provides that: “A person is guilty of bribery when he confers, or offers or
 
 *643
 
 agrees to confer, any benefit upon a public servant upon an agreement or understanding that
 
 such public servant’s
 
 vote, opinion, judgment, action, decision or
 
 exercise of discretion as a public servant will thereby be influenced.”
 
 (Tbe emphasis bas been supplied.)
 

 Section 158 of the Vernon’s Ann.Texas Penal Code reads: “Whoever shall bribe or offer to bribe any executive, legislative or judicial officer * * *
 
 with the intent to influence his aet,
 
 vote, option, decision or judgment on any matter, question, cause or proceeding * * * then pending * * * or do any other act or omit to do any other act in
 
 violation of his duty as an officer,”
 
 shall be confined to the penitentiary not less than 2 nor more than 5 years. (The emphasis has been supplied.)
 

 Section 18 U.S.C.A. § 201(b) is very long and detailed because as recast with the general amendment of this entire chapter in 1962 it includes the material formerly contained in all sections
 
 between
 
 201 and 213, and spells out the exact duty and the designated official intended to be covered. Basically, however, it provides that anyone who
 
 “corruptly gives, offers or promises
 
 anything of value
 
 to any public official or
 
 person who has been selected to be a public official * * *
 
 to influence * *
 
 *.
 
 any official act
 
 * * * Shall be fined not more than $20,000,”
 
 or
 
 3 times tbe
 
 monetary
 
 equivalent of the thing of value whichever is greater, or imprisoned not more than 15 years, or both, the fine and imprisonment varying with the designated official and/or his duties that are specifically reprobated. (The emphasis has been supixlied.)
 

 [7]
 

 . Jordan v. De George, 341 U.S. 223, 71 S. Ct. 703, 95 L.Ed. 886; United States v. Harrias, 347 U.S. 612, 74 S.Ct. 808, 98 L. Ed. 989; 62 Harvard Law Review 77; 3 Vanderbilt Law Review 531; and the authorities therein cited.
 

 [8]
 

 . Insertion of the words “corruptly” and/or “improperly” before the word “influence,” and the insertion of the word “official” before the word “verdict” in R.S. 14:129 would not have the effect of making this statute constitutional because, as pointed out in State v. Robertson, supra, relied on by defense counsel as controlling here, the act there intended to be denounced— the kind of influence to be exerted on the juror — was not ascertainable from the remaining language of the statute.