SUMMERS, Justice.
After a conviction in a jury trial on a charge of bribery of voters, La.R.S. 14:119, Lucille Senegal appealed to this Court, contending that her conviction and sentence should be set aside. Five assignments of error are relied upon.
I
From the facts it appears that on March 5, 1974 defendant, in company with Ernest Francis, Jr., Mrs. Ernest Francis, Sr., and three others were together in a car in connection with a trip to Crowley to cast absentee votes. Mrs. Ernest Francis, Sr., was called as a state witness and questioning disclosed that the State’s attorney was apparently preparing to ask Mrs. Francis, Sr., if the defendant had paid her to vote.
Defense counsel asked that the jury be retired and objected that the indictment charged defendant with paying Ernest Francis, Jr., and that defendant paid Mrs. Ernest Francis, Sr., the mother of Ernest Francis, Jr., was inadmissible, for no notice had been furnished to the defendant that evidence of other offenses would be introduced to show knowledge, intent or purpose. The trial judge sustained this obj ection.
When the jury was returned and questioning resumed, the State’s attorney asked if the witness saw defendant in the courtroom, to which she answered: “Miss Keg [the defendant] paid me, yeah. She paid me.” Whereupon defense counsel moved for a mistrial.
The trial judge ruled that the answer was not responsive and admonished the jury to disregard the witness’ remark. He also instructed the witness to limit her answers to the questions, and nothing else.
Considering the fact that the witness apparently had a limited knowledge of English, (some questions she answered in French) and that the trial judge felt the jury may not have heard her objectionable remark, the admonition was sufficient. The State cannot be charged with the impropriety of an unresponsive answer. State v. Lewis, 315 So.2d 626 (La.1975).
II
Three assignments of error are considered under the contention that the conviction should be reversed and the sentence set aside, because the trial judge improperly denied a motion for a directed verdict in this jury trial. A motion for a *926 directed verdict in a jury trial is no longer permissible since the amendment of Article 778 of the Code of Criminal Procedure by Act 527 of 1975.[1] However, since this cause was tried in December 1974 the amendment is inapplicable here.
Nevertheless, under the prevailing jurisprudence at the time of the trial, the judge could only direct a verdict of acquittal when there was no evidence at all of the offense or an essential element thereof, the sufficiency of the evidence being a question for the jury. State v. Evans, 317 So.2d 168 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973) [and the cases to the same effect.]
A review of the record convinces the Court that there is some evidence of the essential elements of the crime charged. Section 119 of the Criminal Code defines bribery of voters in these words:
“Bribery of voters is the giving or offering to give, directly or indirectly, any money, or anything of apparent present or prospective value to any voter at any general, primary, or special election, or at any convention of a recognized political party, with the intent to influence the voter in the casting of his ballot.”
Primarily the thrust of the defense argument is that there is no showing of the requisite intent to influence the voter, an essential element of the crime.
Specific intent, which is applicable here, is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10. And, though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction. La.R.S. 15:445.
Ernest Francis, Jr., testified that defendant gave him a vote ticket containing the numbers of the candidates on the ballot for whom he should vote. He voted the numbers, and defendant gave him $5.00. This, together with the fact that defendant went for him in Rayne and brought him to Crowley to vote an absentee ballot, is some evidence from which the element of intent could be inferred by the jury.
These assignments of error have no mer-
III
While acknowledging that the constitutionality of the Bribery of Voters Statute (La.R.S. 14:119) was not questioned in the trial court and conceding that it is not properly raised on appeal for the first time, defense counsel asserts the unconstitutionality of the statute.
Pretermitting the propriety of raising this issue for the first time on appeal, the constitutionality of the statute has recently been upheld by this Court in State v. Newton, 328 So.2d 110 (La.1976).
This assignment of error has no' merit.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs and assigns reasons.
DENNIS, J., concurs with reasons..

. As it presently is in effect, Article 778 reads:
“In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
“If the court denies a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense.”