Dear Mayor Jeansonne:
This office is in receipt of your request for an opinion of the Attorney General in regard to possible campaign violations. You indicate in connection with an anticipated election you are considering ordering baseball caps, T-shirts and such other merchandise displaying your name, and asking voters to support you in the election. You recognize that the election law prohibits offering anything of value to influence a vote, and you ask whether it would be a violation of any of the provisions of the Election Code to give away paraphernalia such as T-shirts and caps with the statement "Please support Mark Jeansonne", and being worth approximately two dollars.
As you point out in your request, we find that R.S. 18:1461(A) provides that "No person shall knowingly, willfully, or intentionally: * * * (4) Offer, promise, solicit, or accept money or anything of present or prospective value to secure or influence a vote or registration of a person." Additionally, R.S. 18:1468 sets forth in Section A as follows:
 No person shall solicit or receive funds nor any thing of value from a candidate or political committee, and no candidate or political committee or other person shall pay any funds or any thing of value to any person for the purpose of endorsing, supporting, opposing or securing an endorsement, support of or opposition to any candidate. Nothing in this Section shall be construed to prohibit the payment by a candidate, political committee, or other person, of funds or any thing of value to a person in return for the conducting, by such person to whom the payment is made, of a social function which is in support of or in opposition to a candidate or political committee of which otherwise seeks to influence an election.
In Atty. Gen. OP. 79-887 this office noted that R.S. 18:1461 (A)(4) prohibited a person from offering or accepting money "or anything of present or prospective value" to secure or influence a vote, and that R.S. 14:119 prohibited voter bribery. In this opinion this office quotedState v. Newton, 328 So.2d 110 (1976) wherein the Supreme Court on rehearing had stated as follows:
 Contrary to our first impression, it is clear that a platform promise of better government, lower taxes, or welfare reform made generally to a group of voters or to individual voters is not bribery within the meaning of the statute. Similarly, handbills, buttons, pencils and dinners are commonly accepted means of publicizing a candidates name and qualifications, but neither do they violate the statute. . Most, if not all, of these items confer no pecuniary benefit, are offered to voters generally, and most important, are offered with the intent to publicize a candidate and his views, not to buy a vote.
Moreover, we find that R.S. 18:1463 regulates printed election material so the people know who is responsible for publications and endorsements, and that the material does not contain false statements. However, it is further provided that this shall not apply to "statements on bumper stickers, lapel pins and stickers, lawn signs, hat bands, badges, ribbons, or to balloons, matchbooks, pens pencils, and similar paraphernalia."
Therefore, in conclusion we do not find any statutory violations by making campaign items available such as shirts and caps with statements seeking votes for your election inasmuch as the Louisiana Supreme Court has determined such items "confer no pecuniary benefit", and are offered with the intent to publicize a candidate and "not to buy a vote."
However, as a caution we point out that this office determined in Atty. Gen. Op 79-1128 that election commissioners are authorized to enforce the provisions of R.S. 18:1462, "Acts prohibited on election day; electioneering; exception; enforcement; penalty", and the commissioners should not allow a voter to come within 600 feet of a polling place if the voter is wearing clothing upon which is imprinted the name of a candidate.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
Rpi/bbr