DANIEL L. DYSART, Judge.
| tDefendant, L.C., was originally charged with one count of tampering with electronic monitoring equipment in violation of La. R.S. 14:110.2. The bill of information was later amended to charge him with violation of La. R.S. 14:110.3, tampering with surveillance, accounting, inventory, or monitoring systems, to-wit, an ankle bracelet. L.C. filed a motion to quash the bill of information, which was denied by the district court. He subsequently withdrew his previous plea of not guilty, and pleaded guilty pursuant to State v. Crosby.[1] L.C. now appeals the denial of his motion to quash, and, in his sole assignment of error, L.C. argues that the trial court erred in failing to find La. R.S. 14:110.3 to be unconstitutionally vague and overbroad on its face as applied to him.
For the reasons that follow, we affirm the ruling of the trial court.
DISCUSSION:
Statutes are generally presumed to be constitutional and the party challenging the constitutionality of the statute bears the burden of proof when challenging it. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 408. Courts are charged with interpreting statutes so as to maintain their constitutionality, when |2it is reasonable to do so. State v. Newton, 328 So.2d 110 (La.1975). The Criminal Code explains “[t]he articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” La. R.S. 14:3.
Louisiana Revised Statute 14:110.3 is found in the Louisiana Criminal Code, Part VI, Subpart D, entitled “Offenses Affecting Law Enforcement.” The statute includes the elements of the crime, the definitions of words used, and the penalties. Section A of the statute provides:
No person shall intentionally defeat, degrade, tamper, damage, alter, destroy, remove, disable, obstruct or impair in any way the operation of any surveillance, accounting, inventory, or monitoring system of any nature or purpose, including but not limited to any of the following:
(1) Removing, damaging, altering, destroying, disabling, impairing, obstructing, covering, or infusing with any object, substance, or material any component of any surveillance, accounting, inventory, or monitoring system.
(2) Disconnecting, interfering with, damaging, tampering with, or temporarily or permanently delaying or interrupting the internal or external signal or *770 electronic wire or wireless analog or digital transmissions of any surveillance, accounting, inventory, or monitoring system.
(3) Interrupting any source of power for or degrading the performance in any manner of the whole or any part or component or operating software or hardware of any surveillance, accounting, inventory, or monitoring system.
L.C. argues that the statute is void for vagueness as it fails to provide sufficient notice to enable ordinary people to understand what conduct it prohibits, hciting State v. Hair, 00-2694, p. 7 (La.5/15/01), 784 So.2d 1269, 1274. The premise of his argument is that any person with a home alarm system who deactivates an alarm, or dismantles an alarm for repair, could be charged with this crime.
A statute is constitutionally vague if an ordinary person of reasonable intelligence is not capable of understanding its meaning and conforming his conduct thereto. State v. Greco, 583 So.2d 825, 828 (La.1991).
The “void for vagueness” doctrine provides that a criminal statute must meet two requirements to satisfy due process: (1)adequate notice to individuals that certain contemplated conduct is proscribed; and (2) adequate standards for those charged with determining the guilt or innocence of the accused. Byrd, supra, State v. David, 468 So.2d 1126, 1128 (La.1984).
In the instant case, under the terms of the statute, the conduct proscribed is unambiguous, that is, any ordinary person of reasonable intelligence is capable of understanding the statute. Additionally, the legislative intent is made clear by the fact that this statute is contained within the section of the Criminal Code concerning “Offenses Affecting Law Enforcement.” A rational reading of the statute gives clear instruction on what conduct is proscribed and to whom the statute applies. We do not find the La. R.S. 14:110.3 either vague or overbroad.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. 338 So.2d 584 (La.1976).