268 So.2d 228

**STATE of Louisiana**

**v.**

**Donald Ray ADAMS.**

**No. 52542.**

Oct. 26, 1972.

William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Carole M. Mosely, Ralph L. Roy, Asst. Dist. Attys., for plaintiff-appellant.

Fred A. Blanche, III, Baton Rouge, for defendant-appellee.

PER CURIAM.

A Bill of Information was filed charging Donald Ray Adams with violation of La. R.S. 14:103(A)(2) in that he: "did use unnecessarily loud, offensive and insulting language in such a manner as would foreseeably disturb and alarm the public."

The defendant moved to quash the indictment on the ground that the statute (La.R.S. 14:103(A)(2) ) is unconstitutional and void on its face. The trial judge ordered that the information be quashed, and the State pursuant to La.C.Cr.P. Art. 912(B)(1) appeals.

La.R.S. 14:103(A)(2) punishes only spoken words. It can therefore withstand

a constitutional attack only if, as authoritatively construed by the courts of Louisiana, it is not susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments to the Constitution of the United States. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1972).

"It matters not that the words appellee used might have been constitutionally prohibited under a narrowly and precisely drawn statute. At least when statutes regulate or proscribe speech and when 'no readily apparent construction suggests itself as a vehicle for rehabilitating the statutes in a single prosecution,' Dombrowski v. Pfister, 380 U.S. 479, 491, 85 S.Ct. 1116, 1123, 14 L.Ed.2d 22 (1965), the transcendent value to all society of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity,' id., at 486, 85 S.Ct., at 1121. . . ."

1. The State argues that the case of State v. Sanford, 203 La. 961, 14 So.2d 778 (1943) has sufficiently limited the application of the statute to the area of unprotected expression.

In the Sanford case we merely held that the acts committed by the defendant

Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression. Gooding v. Wilson (supra).

■■■■ La.R.S. 14:103(A)(2) on its face subjects persons exercising their constitutional right of expression to fear of criminal sanctions and is a curtailment of that right. We have not heretofore limited the statute in application to expression which is not protected by the Louisiana Constitution (Art. 1, Sec. 3) and the First Amendment of the U.S. Constitution[1]. Therefore, the statute must be declared unconstitutional as being overly broad. (See State v. Ganch, 263 La. 251, 268 So.2d 214, decided this date).

We agree with the trial judge that the statute is unconstitutional on its face and the Bill of Information cannot stand. The judgment is affirmed.

SUMMERS, J., dissents.

were not of such a nature as would tend to cause a breach of the peace. In no manner does this limit the application of the statute to unprotected expression.

See also: State v. Cox, 244 La. 1087, 156 So.2d 448 (1963), reversed 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).