*254
 
 PER CURIAM.
 

 A Bill of Information was filed charging the defendants with disturbing the peace in that they “committed an act in such a manner as would foreseeably disturb and alarm the public.” La.R.S. 14:103(A) (7). The information was quashed on motion of the defendants on the grounds that the statute under which they were charged is unconstitutional on its face. The State appeals.
 

 Although the statute punishes conduct we take notice of the fact that conduct is often a means of expression. Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971); Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). Since the statute is susceptible of application to expression it can withstand constitutional attack only if, as authoritatively construed by our court, it cannot be applied to expression which is protected by the First Amendment to the United States Constitution. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed. 2d 408 (1972). “In other words, the statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression.” Gooding v. Wilson
 
 (supra).
 
 This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible-of application to protected expression
 
 Gooding, (supra).
 

 The statute on its face is susceptible-of application to expression protected by the Louisiana Constitution (Art. 1, Sec. 3) and' the First Amendment of the U. S. Constitution. Since we have not heretofore limited the statute in application to expression which is not constitutionally protected, it must fall as being overly broad and in-contravention of the Louisiana and United States Constitutions.
 

 The State argues that the case of’ State v. Sanford, 203 La. 961, 14 So.2d 778 (1943) has sufficiently limited the application of' the statute to the area of unprotected expression.
 

 In the Sanford case we merely held that the acts of the defendant there were not of such a nature as would tend to cause a breach of the peace. In no way does this limit the application of the statute so as to comply with the constitutional mandate of the
 
 Gooding
 
 case, (supra).
 

 Since the statute is unconstitutional, the Bill of Information cannot stand. The-judgment of the trial judge is affirmed.
 

 SUMMERS, J., dissents.