280 So.2d 215 (1973)
STATE of Louisiana
v.
Larry Gene HARRISON et al.
No. 53223.
Supreme Court of Louisiana.
June 29, 1973.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Counsel to Atty. Gen., New Orleans, Frank T. Salter, Jr., Dist. Atty., James McInnis, Asst. Dist. Atty., for plaintiff-appellant.
James J. Cox, Cox, Cox & Grand, Lake Charles, for defendants-appellees.
SANDERS, Chief Justice.
The defendants were charged with "disturbing the peace" by a bill of information, dated June 21, 1971, which specifies that they "with the intent to provoke a breach of the peace, or under circumstances such that a breach of the peace might have forseeably been occasioned thereby: did, knowingly and intentionally crowd and congregate with each other ... and did fail and refuse to disperse and move on when requested to do so ... in violation of LSA-R.S. 14:103.1, subd. A(1)."
Relying upon the 1965 decision of the United States Supreme Court in Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L. Ed.2d 471, holding LSA-R.S. 14:103.1 unconstitutional, the district court quashed the indictment.
The State has appealed.
In passing upon the constitutionality of LSA-R.S. 14:103.1, the United States Supreme Court held:
"... [T]he statute is unconstitutional in that it sweeps within its broad scope activities that are constitutionally protected free speech and assembly. Maintenance of the opportunity for free political discussion is a basic tenet of our constitutional democracy. As Chief Justice Hughes stated in Stromberg v. California, 283 U.S. 359, 369, 51 S.Ct. 532, 536, 75 L.Ed. 1117, 1122, 73 A.L.R. 1484: `A statute which upon its face, and as authoritatively construed, is so vague and indefinite as to permit the punishment of the fair use of this opportunity is repugnant to the guaranty of liberty contained in the Fourteenth Amendment.'"
The State accepts the above holding as authoritative, based upon our prior construction of the statute. It urges us, however, to abandon our prior construction and re-interpret the statute to confine it to constitutional limits. We are convinced that our previous interpretation of the statute is correct. See State v. Ganch, 263 La. 251, 268 So.2d 214 (1972). In our opinion, the restructuring of the statute addresses itself to the Legislature. Hence, *216 the judgment of the trial court, quashing the bill of information, is correct.
For the reasons assigned, the judgment of the district court is affirmed.
SUMMERS, J., dissents.