282 So.2d 707 (1973)
STATE of Louisiana
v.
Ernest Ray BROWN
No. 53308.
Supreme Court of Louisiana.
August 20, 1973.
Dissenting Opinion August 29, 1973.
Kirby & McLeod, Robert P. McLeod, Monroe, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., O. L. Waltman, Jr., Asst. Dist. Atty., for plaintiff-appellant.
MARCUS, Justice.
The State has appealed from a ruling of the trial judge declaring R.S. 14:103(B) (2)(e) unconstitutional and sustaining the motion to quash the charge thereunder. Defendant was charged by bill of information with disturbing the peace as defined by R.S. 14:103(B)(2)(e) "in that he congregated and assembled in a street, road or highway, and in or around a public building, and engaged in loud and boisterous talking and other disorderly conduct, on the campus of Grambling College, Grambling, Louisiana."
The defendant filed a motion to quash the information, challenging the constitutionality of the statute. The motion avers that R.S. 14:103(B)(2)(e) is vague and overbroad in violation of the Fourteenth Amendment to the United States Constitution and clearly punishes the conduct and speech which are protected by the First and Fourteenth Amendments to the United States Constitution.
On the basis of this Court's recent holdings in State v. Ganch, 263 La. 251, 268 So.2d 214 (1972) and State v. Adams, 263 La. 286, 268 So.2d 228 (1972), both involving breach of the peace offenses, the trial judge ordered the bill of information herein filed quashed. He held that the portion of the statute under which the charge was *708 brought R.S. 14:103(B) (2) (e), was overly broad and unconstitutional.
R.S. 14:103(B)(2) in paragraph (e) denounces the following conduct so charged in the bill of information:
"(e) Congregates and assembles in any street, avenue, alley, road or highway, or in or around any public building or inclosure, or any park or reservation, or at the entrance of any private building or inclosure, and engages in loud and boisterous talking or other disorderly conduct, * * *"
The State, in this appeal from that ruling, urges that the cases of State v. Ganch and State v. Adams are not apposite. It is submitted that the section of Title 14 herein declared unconstitutional is unlike Section 103(A)(2) in the Adams case and Section 103(A)(7) in the Ganch case. The State urges that the section now under consideration sets out specifically the place or places where the statute is applicable and also specifically the speech, conduct or expression which is prohibited.
We do not agree with the position of the State. The bill of information in this case brought under the statute charges disturbing the peace by assembly and speech, both constitutionally protected by the First Amendment of the United States Constitution.
In Cox v. Louisiana, 379 U.S. 536, 85 S. Ct. 453, 13 L.Ed.2d 471 (1965), R.S. 14:103.1 was held unconstitutional. The United States Supreme Court stated:
"* * * [T]he statute is unconstitutional in that it sweeps within its broad scope activities that are constitutionally protected free speech and assembly. Maintenance of the opportunity for free political discussion is a basic tenent of our constitutional democracy. As Chief Justice Hughes stated in Stromberg v. California, 283 U.S. 359, 369, 51 S.Ct. 532, 536, 75 L.Ed. 1117, 1122, 73 A.L.R. 1484: `A statute which upon its face, and as authoritatively construed, is so vague and indefinite as to permit the punishment of the fair use of this opportunity is repugnant to the guaranty of liberty contained in the Fourteenth Amendment'"
In State v. Harrison, 280 So.2d 215 (handed down by this Court on June 29, 1973), the defendants were charged with violation of R.S. 14:103.1, subd. A(1) in that they did "knowingly and intentionally crowd and congregate with each other. . . and did fail and refuse to disperse and move on when requested to do so...." We held that the trial judge correctly quashed the bill of information and cited Cox v. Louisiana and State v. Ganch as authority.
The Ganch case involved a charge of disturbing the peace in that defendants "committed an act in such a manner as would foreseeably disturb and alarm the public" under R.S. 14:103(A) (7). We there held that, since conduct is often a means of expression, it can only withstand constitutional attack if it cannot be applied to expression which is protected by the First Amendment to the United States Constitution. We concluded:
"The statute on its face is susceptible of application to expression protected by the Louisiana Constitution (Art. 1, Sec. 3) and the First Amendment of the U.S. Constitution. Since we have not heretofore limited the statute in application to expression which is not constitutionally protected, it must fall as being overly *709 broad and in contravention of the Louisiana and United States Constitutions."
The United States Supreme Court in Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), stated:
"The constitutional guarantees of freedom of speech forbid the States to punish the use of words or language not within `narrowly limited classes of speech.' Chaplinsky v. New Hampshire, 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L. Ed. 1031, 1035 (1942). * * * In other words, the statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression. * * *"
The instant case is almost identical to that of State v. Adams, in which the bill charged violation of R.S. 14:103(A)(2) in that the defendant "did use unnecessarily loud, offensive and insulting language in such a manner as would foreseeably disturb and alarm the public." We there stated that this section punishes only spoken words and, hence, on its face, the statute subjects persons exercising their constitutional right of expression to fear of criminal sanctions and is a curtailment of that right. This Court, in reaching its conclusion of unconstitutionality, relied upon Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1972); Gooding v. Wilson, as well as our holding in State v. Ganch.
In light of our holdings in the above cases, as well as those of the United States Supreme Court, we conclude that the trial judge correctly quashed the information. The statute herein, R.S. 14:103(B)(2)(e), is unconstitutional.
For the reasons assigned, the judgment of the trial court is affirmed.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
In my opinion the statute (La.R.S. 14:103B(2)(e))[1] under which Brown is charged defines three situations in which the offense of disturbing the peace can occur. In substance they are:
1) Congregating and assemblying in any street, avenue, alley, road or highway, or in or around any public building or inclosure, and engaging in loud and boisterous talking or other disorderly conduct, or in making insulting, rude or obscene gestures or comments or observations on persons passing by;
2) Crowding, obstructing or incommoding the free use of any street, avenue, *710 alley, road, highway, or any of the foot pavements thereof, or the free entrance into any public or private building or inclosure; or
3) Cursing or swearing, or making use of any profane language or indecent or obscene words or engaging in any disorderly conduct in the places named where the same may be heard from premises other than that where the offense is committed.
These proscribed activities are not an attempt to make criminal the right of freedom of speech protected by the First Amendment to the United States Constitution.
History taught the framers of our Constitution that freedom of speech and expression were essential and fundamental attributes of a free society. The First Amendment is designed to establish and preserve this right. So long as the Constitution endures every citizen of this Nation may freely express any opinion or idea in public free from interference by the State, even if he is alone in his beliefs and opinions.
But the First Amendment has never been thought to give absolute protection to every individual to speak in any manner, whenever or wherever he pleases. Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1972). An organized society does not contemplate unfettered freedom of expression. Without order liberty itself is lost in the excesses of anarchy. Control of First Amendment rights where their exercise interferes with travel on the streets is a clear example of governmental responsibility to insure this necessary order. Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).
A restriction on use of the streets designed to promote the public convenience in the interest of all, cannot be disregarded by the indiscriminate exercise of some alleged civil right, which in other circumstances, in another place, would be entitled to protection. Cox v. Louisiana, ibid.
Governmental authorities have the duty and responsibility to keep their streets and public buildings open and available for movement and occupancy of the public generally. Cox v. Louisiana, ibid.
Thus the government may regulate free speech if to do so furthers an important or substantial governmental interest; if the interest is unrelated to the suppression of free expression; and if the incidental or alleged First Amendment freedom is no greater than is essential to the furtherance of that interest. "In other words, the statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression." (emphasis added). Gooding v. Wilson, 405 U.S. 518, 522, 92 S.Ct. 1103, 1106, 31 L.Ed.2d 408 (1972). A statute meets these requisites when it reasonably restricts the manner and places of speech, expression and conduct; and when discretion for its enforcement is not lodged solely in the judgment of administrative officials.
The statute in question satisfies these tests: Speech is restricted only to public roads, parks, buildings, or other defined localitiesplaces of which use and occupancy is designed and intended for purposes other than the unfettered exercise of free speech.
The speech which is limited must also have certain characteristics. It must be loud and boisterous or accompanied by other disorderly conduct, insults, or rude or obscene gestures referring to persons passing by or within hearing. These restrictions are designed to preserve the minimum *711 standards of an orderly society and have no relation to suppression of free expression. The limitation in the statute is a power the government has exercised in a reasonable and proper manner to protect the interest of the many entitled to the use of public places in a peaceful manner undisturbed by uncouth, obnoxious or indecent words or conduct.
The Court reaches out to strike down this well-considered, carefully drawn statute designed to preserve the delicate balance between freedom of speech and the demands society imposes upon all citizens to curb their liberty and observe a measure of order and respect for the rights of others.
The giddy heights to which this decision raises the rights of the militant, the disorderly and the uncouth in utter disregard of the rights of the public generally neither promotes the free exchange of ideas, nor will the decision serve to maintain tranquility and order in our society.
NOTES
[1] La.R.S. 14:103B(2) (e) provides:

"Congregates and assembles in any street, avenue, alley, road or highway, or in or around any public building or inclosure, or any park or reservation, or at the entrance of any private building or inclosure, and engages in loud and boisterious talking or other disorderly conduct, or insults or makes rude or obscene gestures or comments or observations on persons passing by, or in their hearing, or crowds, obstructs, or incommodes the free use of any such street, avenue, alley, road, highway, or any of the foot pavements thereof, or the free entrance into any public or private building or inclosure; or curses, swears, or makes use of any profane language or indecent or obscene words or engages in any disorderly conduct in any street, avenue, alley, road, highway, public park, or enclosure, public building, church or assembly room, or in any other public place or in any place wherefrom the same may be heard in any street, avenue, alley, road, highway, public park or inclosure, or other building, or in any premises other than those where the offense was committed shall be guilty of disorderly conduct and disturbing the peace and upon conviction thereof, shall be punished by a fine of not more than five hundred dollars or by imprisonment in the parish jail for not more than six months or both."