GULOTTA, Judge.
Defendants — Irvin A. Cross, Frederick J. Encalade and Vergie T. Encalade — seek review of their convictions for disturbing the peace in violation of LSA-R.S. MHOS^).[1] We affirm.
BACKGROUND
Each of the defendants was charged by a bill of information with one count of disturbing the peace by disrupting a meeting of the Plaquemines Parish Commission Council on March 26, 1986. On that date, after the Council had begun its scheduled meeting, defendants and approximately 100 fellow members of the Fisherman and Concerned Citizens Association of Plaquemines Parish (FCCA) filled the council chamber to request that the council address the issue of unemployment in the parish and form an unemployment task force, even though that item was not listed on the council’s previously posted agenda for the day.
Although anyone in the audience can request to have new business added to the agenda, the council’s procedural rules and practices require a council member to make a formal motion and a majority of the nine-member council must vote in favor of adding the new item before it can be included for discussion. After being recognized by the council president, defendant Irvin A. Cross raised the unemployment issue. When no council member offered to put the unemployment issue on the agenda of the immediate meeting, the council president advised Cross that the job task force issue would be the first order of business at the council’s next scheduled meeting the following week.
Rather than relinquish the floor, however, Cross insisted that he continue to be heard on the job task force resolution. Although the president told him that the subject was closed and that the council was going to move on with its posted agenda, Cross still refused to sit down and insisted on being heard. Other members of the FCCA also began speaking out of turn and became boisterous by yelling, clapping, and singing. Because the council was unable to continue with its scheduled business, the president called a recess.
When the meeting was again called to order, the uproar continued. During a second recess, a deputy sheriff informed the audience that the unemployment task force issue would be the first order of business on the agenda the following week and that the spectators must let the meeting continue in an orderly fashion. The deputy informed the audience that anyone refusing to keep order would be arrested. Defendant Cross still refused to cease speaking, and was escorted from the chamber.
Following Cross’s arrest, defendant Frederick J. Encalade was recognized by the President and likewise insisted on discussing the unemployment issue. He was arrested after refusing to yield the floor, despite repeated requests. Encalade’s wife, Virgie, was also arrested after saying that her group needed to be recognized and insisting on being heard. Ultimately, after the chamber was cleared of approximately 30 members of the FCCA, the council was able to finish its meeting.
The bills of information brought against the defendants charged them with disturbing the peace in violation of LSA-R.S. 14:103, in that defendants “... did interrupt any lawful assembly of people namely: Plaquemines Parish Commission Council, in such a manner as to disturb or alarm the public....” After a trial on the merits, which included the testimony of the council president, a council member, and a sheriff’s deputy, the trial judge found all three defendants guilty and sentenced them to pay a $100 fine plus court costs, and to serve 30 days in prison (suspended) and 6 months’ inactive probation. Three other defendants in consolidated cases were dismissed on motions for directed verdict.
On review of their convictions, defendants raise essentially three arguments: 1) *90 the insufficiency of the evidence to convict; 2) evidentiary errors in the trial judge’s refusal to permit questions about prior meetings of the council; and 3) the unconstitutionality of the disturbing the peace statute.
SUFFICIENCY OF EVIDENCE
At the outset, defendants contend that the evidence, viewed in the light most favorable to the prosecution, is insufficient to prove all the elements of the crime of disturbing the peace. In this regard, defendants point out that their attempt to discuss employment problems before the council was constitutionally protected conduct that was not violent, threatening, abusive, obscene, or in excess of the council’s five minute time limit for speaking after .being recognized by the council president. Defendants further point out that although the council meeting was a lawful assembly that was in fact “disrupted”, the evidence fails to establish that they actually interrupted the Council or disturbed or alarmed the public as required by the statute, LSA-R.S. 14:103(A)(6). We disagree.
LSA-R.S. 14:103(A)(6) reads as follows: “A. Disturbing the peace is the doing of any of the following in such a manner that would foreseeably disturb or alarm the public:
[[Image here]]
(6) Interruption of any lawful assembly of people....”
To convict defendants for violating LSA-R.S. 14:103(A)(6), therefore, the State must prove that they disturbed the peace by interrupting a lawful assembly of people in such a manner as would foreseeably disturb or alarm the public.
Council president, Albert J. Beshel, and council member, Germaine Curley, positively identified the three defendants as having interrupted the council proceedings by refusing to be quiet and allow the Council to continue its scheduled public meeting in an orderly fashion. The testimony establishes that defendants delayed the meeting to such a degree that, despite the council president’s repeated warnings and patient efforts to resolve the matter, order could only be restored after two recesses were called and defendants were forceably ejected from the council chamber. Under these circumstances, proof was established of all elements of the crime charged.
We further point out that even though the evidence does not establish that any of the defendants behaved violently, obscenely, or abusively, it is clear that the situation at the meeting was out of hand and that the defendants’ individual acts of defiance against the backdrop of the jeering, clapping, and disruptive behavior of the crowd could have foreseeably alarmed the public within the meaning of the statute.
Although council member Curley stated that a person recognized by the chair is entitled to speak for five minutes on any issue, council president Beshel testified that the five minute rule applies only to matters on the agenda. Given this conflict in the testimony, the trial judge could very well have relied on the president’s interpretation of the rule to conclude that the defendants could not invoke the 5 minute time limit as a shield to their arrests. Moreover, because the council president had repeatedly informed the defendants that the subject of the employment task force was closed until the following week, defendants cannot pervert a technical procedural rule to frustrate the orderly process of the meeting.
Under these circumstances, we conclude that the evidence was sufficient to prove the elements of the crime charged as to each defendant.
EVIDENTIARY ERRORS
We likewise reject defendants’ argument that the trial judge erred in refusing to allow questions about prior meetings of the Council and previous political issues discussed with the FCCA. According to defendants, the FCCA and the Council had been through earlier volatile meetings that had been amicably resolved, and evidence concerning those other meetings was therefore relevant under LSA-R.S. 15:441 and 442.
*91 A trial judge’s determinations of the relevance of evidence are discretionary and will not be disturbed absent a clear showing that he abused his discretion. State v. West, 419 So.2d 868 (La.1982). We find no such abuse in the instant case. Defendants were on trial for disturbing the peace of the Council meeting on March 26, 1981. Information about the other meetings was therefore irrelevant, and the trial judge properly excluded it by curtailing defense counsel’s questioning.
CONSTITUTIONALITY OF STATUTE
Defendants further contend that LSA-R.S. 14:103(A)(6) suffers from three constitutional infirmities: 1) it is overbroad by prohibiting both harmful conduct and constitutionally protected conduct; 2) it is void for vagueness by failing to give fair notice of the prohibited conduct; and 3) it imper-missibly limits expressive activity as applied to the facts of this case. We disagree.

Overbreadth

 In support of their argument that LSA-R.S. 14:103(A)(6) unlawfully prohibits constitutionally protected conduct, defendants point out that even though conceivable actions such as “driving motorcycles through a public meeting” would violate the law, the statute as written impermissi-bly crosses over into constitutionally protected activities by infringing on their rights of free speech and expressive activity. Defendants point out that in Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), the United States Supreme Court invalidated a different disturbing the peace statute, LSA-R.S. 14:103.1, as unconstitutionally overbroad. Defendants also cite other Louisiana cases that have invalidated other subsections of LSA-R.S. 14:103 as infringing on protected first amendment activities. See State v. Adams, 263 La. 286, 268 So.2d 228 (1972); State v. Harrison, 280 So.2d 215 (La.1973); and State v. Brown, 282 So.2d 707 (La.1973).[2]
Although we do not quarrel with the authorities cited by the defendants or the established doctrine against statutory over-breadth, the cited cases have not construed LSA-R.S. 14:103(A)(6), the particular statute involved in the instant case.
LSA-R.S. 14:103(A)(6) narrowly proscribes the disruption of a lawful assembly in a manner that would foreseeably disturb or alarm the public. There is no federal or state constitutional right of a citizen to disrupt such an assembly in such a manner. As noted by .the United States Supreme Court in Cox v. Louisiana, supra, “The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place or at any time. The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excess of anarchy.” Cox, supra 85 S.Ct. at p. 464. The First and Fourteenth amendments do not give absolute protection to every individual to speak whenever or wherever he pleases, or to use any form of address in any circumstances that he chooses. Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).
Applying these principles to the statute at hand, we conclude that there is no constitutional right, federal or state, that permits a citizen to disrupt a lawful meeting of a governmental body by de *92 manding that the body discuss an issue that is not on its scheduled agenda and refusing to relinquish the floor to allow the body to continue its orderly business. Free speech does not belong exclusively to the vociferous. Rules for conducting public meetings must be observed so that everyone is given a chance to speak and be heard. Sometimes, as in this case, a speaker must wait his turn. To permit defendants to commandeer the public meeting and force the parish council to address an issue at defendants' whim would infringe on the rights of other less strident citizens to assemble and conduct governmental business without disruption.
By prohibiting the interruption of any lawful assembly of people in such a manner that would foreseeably disturb the people or alarm the public, LSA-R.S. 14:103(A)(6) narrowly proscribes unprotected activity and does not infringe on defendants’ constitutional rights. Thus, this portion of the disturbing the peace statute is not constitutionally overbroad.

Vagueness

We likewise reject defendants’ contention that the LSA-R.S. 14:103(A)(6) is void for vagueness by failing to define the criminal offense such that ordinary people can understand what conduct is prohibited and the police are not encouraged to enforce the statute arbitrarily and discrimina-torily. According to defendants, the statute is unconstitutionally vague because there are no guidelines for its enforcement, it infringes on the first amendment rights without being narrow and specific, and fails to limit the criminal prohibition to “fighting words”.
Under the Fourteenth Amendment and LSA-Const. Art. 1, § 13, a penal statute must describe the unlawful conduct with such particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. A statute that fails to inform an accused of the “nature and cause” of an offense under the State constitution will also ordinarily fail to provide the “fair notice” of proscribed described conduct required by the Federal Constitution. State v. Gisclair, 363 So.2d 696 (La.1978). A detailed specification of the various ways in which the crime can be committed is not required, however, and it suffices that the phraseology has a well-known or commonly understood meaning. State v. Gisclair, supra; State v. Heck, 307 So.2d 332 (La.1975); City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974). Nonetheless, statutes that threaten to impede First Amendment rights are examined for vagueness under a particularily strict standard. Hynes v. Mayor and Council of Borough of Oradell, 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976); NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).
In light of these authorities, we conclude that LSA-R.S. 14:103(A)(6) particularly and clearly describes the unlawful conduct prohibited. The activity proscribed by the statute is the “interruption” of any lawful assembly of people “in such a manner as would foreseeably disturb or alarm the public”. Taken in its usual sense, the word “interrupt”, as defined in Webster’s, means “to stop or hinder by breaking in”, “to break the uniformity or continuity of”, “to break in upon an action”, or, especially, “to break in with questions or remarks while another is speaking”. The phrase “lawful assembly” is likewise sufficiently definite as a company of persons collected in one place for a common purpose. Indeed, in the instant case, all parties concede that the scheduled meeting of the Plaquemines Parish Commission Council is a lawful assembly. Similarly, the phrase “in such a manner that would foreseeably disturb or alarm the public” can be readily understood by a person of ordinary intelligence. A reasonable person would know that the statute does not prohibit orderly debate at a public meeting but does prohibit a disruption of a meeting by a deliberate refusal to relinquish the floor in violation of the reasonable procedural rules of the governing body.

Application of the Statute

We further conclude that the statute as applied to defendants’ behavior did not infringe on their constitutional rights.
*93 Defendants interrupted a duly authorized meeting of the parish council by refusing to respect the council’s procedural rules for the orderly handling of its business. Their behavior went beyond authorized debate at a public meeting and amounted to a disruption of the constitutional rights of other parish citizens to a peaceful assembly. Significantly, defendants had other means of legitimately voicing their concerns and could have exercised their rights to free speech by peacefully picketing or by waiting for the unemployment issue to be placed on the agenda of the commission council’s next meeting.
Defendants’ First Amendment rights do not allow them to seize the rostrum at a public meeting and voice their opinions in violation of the rights of other citizens who have previously scheduled business. To allow defendants to disrupt a public meeting whenever and wherever they please would result in anarchy and a disintegration of our entire government by law. Defendants violated the disturbing the peace statute, and the trial court properly convicted them.
Accordingly, the convictions are affirmed.
AFFIRMED.

. Although defendants timely filed motions for "appeal", their motions are treated as applications for writs of review since no appeals lie from these misdemeanor convictions. LSA-Const. Art. 5 § 10, State v. Banks, 444 So.2d 1243 (La.1984); State v. Hall, 454 So.2d 409 (La.App. 4th Cir.1984).

. Cox v. Louisiana, supra, and State v. Harrison, supra, invalidated LSA-R.S. 14:103.1, which prohibited a breach of the peace by crowding or congregating in or upon a public place and failing or refusing to move on when ordered to do so by any law enforcement officer.
State v. Adams, supra, held former LSA-R.S. 14:103(A)(2) unconstitutional on its face and affirmed a judgment quashing a bill of information charging a defendant with breaching the peace by using "... unnecessarily loud, offensive and insulting language in such a manner as would foreseeably disturb and alarm the public.”
State v. Brown, declared former LSA-R.S. 14:103(B)(2) unconstitutional and affirmed the quashing of a bill charging the defendant with having breached the peace, "... in that he congregated and assembled in a street, road or highway, and in or around a public building, and engaged in loud and boisterous talking and other disorderly conduct_”