Dear Mr. Summerlin:
Your request for an Attorney General opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1. When the Board of Aldermen has established certain parliamentary rules of procedure for its public meetings, and a member of the audience violates these rules by insisting on addressing the Board without being on the agenda or without being recognized, can any member of the Board of Aldermen request that the speaker be arrested for disturbing the peace or any other applicable law?
 2. Under the situation described above, is it necessary for the Mayor, as presiding officer of the meeting, to first declare the speaker "out of order" prior to any arrest being made?
 3. Under the situation described above, could the Chief of Police or any of his officers, arrest the speaker on his own initiative without being requested to do so?
 4. If the situation is slightly changed, in that the Mayor (or whomever is presiding over the meeting at the time) allows a violation of the rules of procedure over the objection of the Board of Aldermen, can any member of the Board still have the disrupting speaker arrested?
A meeting of the Board of Aldermen is governed by the Open Meetings Law provided for in LSA-R.S. 42:4.1 et seq. The Open Meetings Law requires proper notification to the public of the meetings of the Board of Aldermen and that their meetings be held open to public attendance. The Louisiana Constitution itself provides, "no person shall be denied the right to observe the deliberations of bodies and examine public documents except in cases established by law." LA. CONST. of 1974, art. XII section3. Although the law requires openly held public meetings, it does not require that the meetings allow public participation. The Mayor or Mr. Harry Summerlin Board is authorized to determine meeting procedure, including setting the agenda. La. Atty Gen Op. No. 94-152.
In State v. Enclade, 505 So.2d 87 (La.App. 4 Cir. 1987) the Fourth Circuit upheld LSA-R.S. 14:103(A)(6), the statute which is the provision under which one would be arrested for disturbing the peace. Specifically, it states:
 Disturbing the peace is the doing of any of the following in such manner as would forseeably disturb or alarm the public: (6) Interruption of any lawful assembly of people.
The statute and the convictions under that statute were upheld. Therefore, a public body such as the Board of Aldermen may have someone arrested if they are in violation of the aforementioned statute. The procedure by which a public body may have an individual arrested under this provision depends largely on the particular situation which presents itself and the procedural rules which govern the meetings. As stated earlier, the open meetings law does not require that public bodies allow members of the public to participate in meetings. However, if the meeting procedure does allow public participation, the procedural rules relating to public participation in meetings should be strictly followed.
Your first and second questions inquire into who may request that a disruptive speaker be arrested and under what circumstances. Meeting procedure may play a strong role in determining the answer to these questions. For example, inEnclade, the procedural rules allowed new items to be added to the agenda during the meeting if adopted and proposed by one member and the majority agreed to put it up for discussion. Any of the members could adopt the new item, but the item was not added to the agenda and the defendants became loud and refused to give up the floor after several requests to do so. It seems that under these circumstances, in which procedure was followed and the order of business was defined, the speakers were properly arrested.
It should be painfully apparent that someone simply speaking out of turn does not constitute disturbing the peace as contemplated by LSA-R.S. 14:103(A)(6). When a speaker becomes disruptive, the speaker should be given adequate warning before he is arrested for disturbing the peace. Some formal warning from the Board such as declaring the speaker "out of order" should be given. Other measures may also be deemed necessary prior to an arrest such as requesting that the speaker voluntarily leave or calling a short recess. Arresting and detaining a person is a drastic measure and should be utilized only as a last resort. The disruptive speaker must interrupt the meeting in a manner that would forseeably disturb or alarm the public as contemplated by LSA-R.S. 14:103(A)(6) in order to merit an arrest under that statute.
In response to your third question, a police official may arrest a disruptive speaker on his own accord if he has probable cause to do so. In Enclade, after one recess, several calls to order, as well as a warning from a deputy sheriff, the defendants refused to relinquish. The sheriff arrested nearly thirty people for violation of LSA-R.S. 14:103(A)(6). These defendants were yelling, singing and continuously speaking out of turn despite repeated requests to come to order. The court found that these actions violated the provisions of the statute and therefore upheld their convictions.
Your fourth question asks when the Mayor, or other presiding official, recognizes a speaker in violation of the rules and over the objection of the other members, may any of the other members have the speaker arrested? This would not be permissible for two reasons. The first reason why the speaker in this situation should not be arrested lies within the provisions governing the meeting of the Board of Aldermen. LSA-R.S. 33:404 gives the Mayor the authority to perform any duties necessary or proper for the administration of municipal affairs. Louisiana Attorney General Opinion No. 94-152 concluded that this authority allows the Mayor to adopt procedures for conducting the meetings of the Board of Aldermen. In addition, the Mayor is granted the authority to preside over the meetings of the Board in LSA-R.S.33:405. Therefore, the Mayor has the authority to conduct the meetings as will facilitate and best provide for the administration of the municipal affairs.
The second reason is that the speaker has not violated the statute with which he would be charged. In order for someone to violate LSA-R.S. 14:103(A)(6), he must foreseeably alarm or disturb the public and interrupt a lawful assembly of people. Since, in your scenario, the speaker was recognized by the presiding officer, he has not interrupted the meeting and, therefore, no grounds exist for arrest.
The Board of Aldermen may have a disruptive speaker arrested for disturbing the peace. The process through which the arrest is made will depend largely on the particular circumstances involved. However, arrest and detention is a drastic measure that should only be taken when the speaker's actions could forseeably disturb the public, such as when the meeting cannot continue unless the disturbance ceases, and all other measures have not alleviated the situation. At some point prior to arrest, the presiding officer should call the disturbing speaker "out of order." A police officer may arrest a disruptive speaker if he has probable cause to take that action. If the speaker has been recognized by the Mayor or other presiding officer, then the other members of the Board should not request that the speaker be arrested.
If our office can be of any further assistance, Please do not hesitate to contact us. With kindest regards, I remain
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
By: ____________________________
 Robert Odinet Assistant Attorney General
RECEIVED: 5/14/96
RELEASED:
ROBERT L. ODINET Assistant Attorney General