PER CURIAM.
The application is granted.
The hearing officer in this workers’ compensation action rendered judgment holding that plaintiff was entitled to receive supplemental earnings benefits (SEBs) “from August 10, 1993 through the present.”[1] Nothing in the judgment indicated that plaintiff had recovered from the work-related disability that gave rise to her entitlement to SEBs. However, the judgment did order the employer to pay for the magnetic resonance imaging test and the functional capacities evaluation requested by plaintiffs and employer’s doctors, who treated her through “the present.”
On the basis of these tests, the hearing officer found the plaintiff disabled and eligible for benefits, although a surveillance video showed she may have exaggerated the extent of her disability.
*96 The court of appeal affirmed the judgment awarding SEBs, but remanded the case to the hearing officer “to set the amount of supplemental earning benefit to which plaintiff is entitled.” 653 So.2d 1367, 1372 (La.App. 5th Cir.1995).
On remand, the hearing officer fixed the amount of SEBs at $108.55 and decreed entitlement from August 10, 1993 to August 9, 1994 (the date of the original judgment). However, in reasons for judgment, the hearing officer found that plaintiff “is partially disabled and she has been unable to earn wages at the level which she was earning prior to her injury.”
RThe court of appeal affirmed in an unpublished opinion, concluding that the hearing officer did not make a mistake in ordering SEBs only through August 9, 1994. Plaintiff then applied to this court for certiorari, complaining that the hearing officer erroneously limited the duration of her award.
Compensation benefits for temporary total or permanent total disability are payable “during the period of such disability.” La. Rev.Stat. 23:1221(1) and (2). Supplemental earnings benefits, based on partial disability preventing the worker from earning ninety percent or more of his or her pre-injury monthly wage, are also payable during the period of such disability,[2] but are limited (1) to two-thirds of the difference between the worker’s pre-injury monthly wage and post-injury monthly wage and (2) to 520 weeks, or less under certain circumstances. La.Rev. Stat. 23:1221(3).
In the present case, the hearing officer clearly erred, after finding plaintiff was still disabled at time of trial, in limiting SEBs to a date totally unrelated to the duration of the disability or to any statutory time for termination of benefits. The judgment should have awarded SEBs during the period of disability, subject to any applicable statutory limitations and subject to the employer’s right to seek subsequent modification under La.Rev.Stat. 23:1310.8 B.
Accordingly, the judgments of the lower courts are set aside, and supplemental earnings benefits are awarded during the period of plaintiff’s disability, subject to any statutory limitations and to defendant’s right to seek modification in the event of termination of disability.
KIMBALL, J. would grant and docket the writ.
CALOGERO, C.J., not on panel.

. The case was tried on June 13, 1994, and the judgment was rendered on August 9, 1994.

. La.Rev.Stat. 23:1222 at one time authorized the court in its discretion to award compensation, in the case of temporary disability, for a fixed number of weeks based upon the probable duration of such disability, but the 1983 amendment prohibited such a discretionary award. Under present law, the period of disability for awarding SEBs may not be estimated, but must be based on the actual period of disability, subject to-the statutory limitation.