692 So.2d 541 (1997)
Margareta M. LAHME, Plaintiff-Appellant,
v.
The UNIVERSITY OF SOUTHWESTERN LOUISIANA, Defendant-Appellee.
No. 96-1055.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*542 Margareta M. Lahme, pro se.
Winston G. Decuir, for the University of Southwestern Louisiana.
Before DOUCET, C.J., and WOODARD and GREMILLION, JJ.
DOUCET, Chief Judge.
The plaintiff, Margareta Lahme, appeals the trial court's denial of her petition for an injunction.
During the spring semester of 1996, Lahme was enrolled in a sculpture class at the University of Southwestern Louisiana (USL). The professor, Mark Guilbeaux, selected certain, but not all, works by the students in the sculpture class to be displayed. Three of Lahme's works were selected for display. The selected works were displayed on the lawn outside the art building. Two of Lahme's three works were removed from the lawn, apparently because certain language on the sculptures was found to be inappropriate for the location, which is adjacent to an elementary school. Alternate sites for display were offered. Lahme refused to have the works displayed in any of the alternate locations.
On January 23, 1996, Lahme filed a petition seeking a temporary restraining order and a permanent injunction preventing the University from removing the sculptures. Lahme argues that she is entitled to injunctive relief because the removal of the sculpture violated her constitutional rights to freedom of speech, equal protection of the laws and due process.
The trial court refused to issue a TRO and set the matter for a hearing on the permanent injunction. After a hearing, the trial court rendered judgment denying injunctive relief. Lahme appeals.
On appeal, Lahme argues that injunctive relief should have been granted even without proof of irreparable injury, because she was seeking to enjoin the defendant's from a course of action forbidden by law, that is, from denying her right to free speech.
"It is well-settled that it is unnecessary for a party seeking an injunction to allege or prove irreparable injury if the threatened action is a direct violation of prohibitory law. Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354 (La.1991)." Legislation in Support of Animals v. Vermilion Parish Police Jury, 617 So.2d 1243, 1246-47 (La.App. 3 Cir.1993); (citing Louisiana Associated *543 General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354 (La.1991)). In this case, however, we cannot say that the court erred in failing to grant injunctive relief because we find no violation of Lahme's right to free speech.
As a general rule, speech cannot be restricted because of its message, ideas, subject matter or content. However, the right of free speech does not give a person the right to express beliefs or opinions in any public place at any time. See Lassalle v. Daniels, 96-0176 (La.App. 1 Cir. 5/10/96); 673 So.2d 704, writ denied, 96-1463 (La.9/20/96); 679 So.2d 96; State v. Encalade, 505 So.2d 87 (La.App. 4 Cir.), writ denied, 508 So.2d 63 (La.1987).
In Close v. Lederle, 424 F.2d 988 (C.A.1 1970), the court held that removal of sexually explicit art from a corridor of a University art museum regularly used by the public was not a violation of the artist's rights under the First and Fourteenth amendment. In Piarowski v. Illinois Community College District 515, 759 F.2d 625 (C.A.7 1985), the court found that an artist's first amendment rights were not violated by a demand by college officials that his sexually explicit and racially offensive art be relocated to an alternative location on campus. The court in that case stated that:
This is an easier case than Close v. Lederle, supra, where the issue was removal, not relocation, though there was a finding there, and not here, that children used the corridor in which the offensive art was hung. If the defendants had said to Piarowski, you cannot exhibit such work anywhere on campus, Piarowski might have been discouraged from creating similar work in the future; for Prairie State College is the most natural site for a member of its art department to exhibit his work. The discouragement is much less, and hence the abridgment of freedom of expression is less, when the college says to him, you may exhibit your work on campusjust not in the alcove off the mall. Although this location maximized the artist's audience, the impact, both on his incentive to create controversial works of art and on the accessibility of those works to the viewing public, of moving it to another place (and we do not mean the broom closet) in the same building would have been slight.
* * * * * *
When we consider that the expression in this case was not political, that it was regulated rather than suppressed, that the plaintiff is not only a faculty member but an administrator, that good alternative sites may have been available to him, and that in short he is claiming a First Amendment right to exhibit sexually explicit and racially offensive art work in what amounts to the busiest corridor in a college that employs him in a responsible administrative as well as academic position, we are driven to conclude that the defendants did not infringe the plaintiff's First Amendment rights merely by ordering him to move the art to another room in the same building.
Id. at 632-33.
The works at issue in this case undisputedly contain obscene expressions and racial expletives. USL objected to having two of Lahme's works exhibited on the lawn of the art building, adjacent to a primary school, where children would be exposed to the works each day. Considering the University's willingness to exhibit the works at another location, we find no reason to conclude that Lahme's right to free speech has been abridged.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the appellant.
AFFIRMED.