Dear Representative Alexander:
This office is in receipt of your request on behalf of a constituent for an opinion of the Attorney General in regard to the constitutionality of Resolution R-011-2001 of the Lafayette City-Parish Council. It is our understanding that he questions the legality of that portion of the resolution which restricts comments by the citizens to the Council meeting held on the last Tuesday in each month.
In accordance with the resolution the Lafayette City-Parish Council will meet on the first, third and fourth Tuesday of every month for its regular meetings. The resolution, in setting forth the order of business for the regular Council meetings, does not include in the order of business on the First and Third Tuesday of the month a time designated "Reports and/or Discussion Issues" as is included in the order of business for the Fourth Tuesday of the month. Your constituent contends not allowing public comments after the first two meetings of each month violates the Louisiana Constitution Art. 1, Sec. 7 which states as follows:
 No law shall curtail or restrain the freedom of speech or of the press. Every Person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.
In Lassalle v. Daniels, 673 SO. 2d 704 (La.App. 1 Cir. 1996) the court observed that the rights of free speech and assembly, while fundamental in our democratic society, do not mean that everyone with opinions or beliefs to express may address a group at any public place or at any time, citing State v. Encalade, 505 So.2d 87 (La.App 4th .Cir); writ denied, 508 So.2d 63 (1987), citing, Cox v. Louisiana, 379 U.S. 536,85 S.Ct. 453, 13 L.Ed.2d 471 (1965).
This case was cited as authority in Lahme v. University of SouthwesternLa., 692 So.2d 541 (La.App 3rd Cir 1997), writ denied, 693 So.2d 788
(La. 1997) wherein it also concluded that the right of free speech does not give a person the right to express his belief in any public place at any time. It was observed that the First Amendment was not infringed by ordering an exhibitor to move his art to another room, inasmcuh as the expression was regulated rather than suppressed.
Since prior opinions of this office, Atty. Gen. Op. Nos 90-541, 81-350, that found a school board could regulate citizens right to speak at school board meetings, we recognize that the Legislature has established the right to allow public comment at any meeting of the school board by providing the comment period shall be for each agenda item preceding each agenda item, R.S. 42:5.1. However, we do not find such provision applicable to all public meetings.
Accordingly, we do not find the Resolution in question is unconstitutional insofar as it regulates the time for citizen participation before the City-Parish Council to the meeting on the last Tuesday of the month.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr